■ In the Matter of PAUL N. MUNSON, Claimant, v SENECA COUNTY, Respondent, and TAYLOR-BROWN MEMORIAL HOSPITAL, Appellant. WORKERS' COMPENSATION BOARD, Respondent. —Casey, J. Appeal from a decision of the Workers' Compensation Board, filed May 23, 1984, as amended by decision filed October 31, 1984.

The issue raised on this appeal is whether, pursuant to Workers' Compensation Law § 13-g and the regulations promulgated thereunder (12 NYCRR 300.19), an employer, who has controverted a claim for workers' compensation but has not timely objected to the amount of medical bills submitted by the medical provider, must pay interest to the medical provider on bills submitted prior to the final determination establishing that the claim is compensable. The Workers' Compensation Board concluded in this controverted case that the employer was not obligated to pay the medical bills prior to the finding of compensability and that, therefore, the medical provider's request for interest should be denied. The Board's decision must be affirmed.

Claimant sustained an injury to his head in a fall at work on October 28, 1980. The self-insured employer continued to pay claimant his regular wages until January 1981, when it voluntarily commenced payment of compensation. Thereafter,

the employer discovered that claimant may have had a preexisting epileptic condition and filed a notice of controversy on June 2, 1981. The hospital where claimant has been hospitalized since the date of the accident submitted bills to the employer commencing sometime in March 1981. Accident, notice and causal relationship were established by decision filed December 2, 1982. Meanwhile, the employer had paid a portion of the hospital bills in August 1982 at the direction of the Workers' Compensation Law Judge, and voluntarily paid the remaining hospital bills in September 1982.

Workers' Compensation Law § 13-g (1) provides that "[w]here a * * * hospital bill has been determined to be due and owing * * * the board may impose a penalty of not more than one and one-half percent (1½%) interest per month payable to the * * * hospital, in accordance with the rules and regulations promulgated by the board." The statute also provides that an employer who fails to object to the fairness of the amount of a hospital bill within 30 days waives the objection and, further, that the bill "shall be payable within fifteen days thereafter or within thirty days after all other questions duly and timely raised in accordance with the provisions of this chapter, relating to the employer's liability for the payment of such amount, shall have been finally determined adversely to him, whichever is later" (Workers' Compensation Law § 13-g [1]). This explicit statutory language provides the rational basis for the Board's conclusion that since the employer was not obligated to pay the medical bills in this controverted case until there was a finding of compensability, no interest penalty would be imposed on bills submitted prior to such a finding. Referring to the belated filing of the notice of controversy and the ultimate lack of merit to the employer's objection, the hospital contends that this is the type of case intended to be covered by Workers' Compensation Law § 13-g. The hospital, however, never objected to the timeliness of the employer's notice of controversy, nor did it raise the issue of the employer's good faith in controverting the claim.

Since the Board's decision has a rational basis in the statutory language of Workers' Compensation Law § 13-g, it cannot be disturbed. We also note that the Board could rationally conclude that its regulation (12 NYCRR 300.19) provides no broader a remedy than the statute.

Decision affirmed, with costs to the employer against the hospital. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.